MIRA LAND DEVELOPMENT CORP., A NEW JERSEY CORPORATION, *ET AL.*, PLAINTIFFS-RESPONDENTS, v. THE BOROUGH OF MATAWAN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 17, 1975—Decided April 22, 1975.

442

Before Judges Kolovsky, Lynch and Allcorn.

*Pillsbury, Russell & Ashbey,* attorneys for the appellant (*Mr. William E. Russell,* of counsel; *Mr. Robert E. McLeod* on the brief).

*Mr. Kenneth E. Joel* attorney for respondents.

The opinion of the court was delivered by

ALLCORN, J. A. D. ▆ A review of the pertinent provisions of the statutes dealing with the assessment of benefits for local improvements, *N. J. S. A.* 40:56–21 *et seq.*, makes plain the legislative intent that, where the original assessment is subsequently reduced as the result of judicial review, the revised assessment bears interest in the same manner and from the same date as it would have borne had the original assessment been made in the amount as revised.

▆ The statutory scheme contemplates that all assessments for benefits for local improvments shall be payable in full immediately upon confirmation of the original assessments by the local governing body and certification thereof to the tax collector, *N. J. S. A.* 40:56–31, and, if not paid in full within two months after confirmation, that interest will be imposed upon the unpaid amount "from the date of confirmation \* \* \* at the same rate" as is imposed by the municipality upon unpaid general property taxes, *N. J. S. A.* 40:56–32 — this, whether or not the governing body has authorized deferred payment of the assessments in installments. *N. J. S. A.* 40:56–35.

▆ Nor does the taking of an appeal from the assessment in any way affect this obligation of the benefiting property owner to pay the assessment within two months of confirmation in order to avoid and stop the running of interest. Consistent with the design of the statute, no provision whatever has been made for the suspension of the duty to pay either principal or interest pending an appeal of the assessment. At the same time, any landowner who succeeds in obtaining a reduction of his assessment as a result of his appeal is entitled to a refund of any amount paid in excess of the revised assessment, thus enabling the appealing landowner to stop the running of interest by payment of the original assessment without risk of loss of the excess. Express pro-

vision therefor is contained in *N. J. S. A.* 40 :56–34; despite the omission of a similar provision in *N. J. S. A.* 40 :56–54, the prevailing landowner in an appeal thereunder would be entitled to a refund of the excess as a matter of necessary implication, for unless the right to review is to be meaningless, it must carry with it the concomitant right to appropriate relief. *Ocean Grove, &c., Ass'n v. Bradley Beach,* 91 *N. J. L.* 364 (Sup. Ct. 1918), aff'd 93 *N. J. L.* 249 (E. & A. 1919). Compare *Farmingdale Realty Co. v. Farmingdale,* 55 *N. J.* 103 (1969) ; *Suburban Dep't. Stores v. East Orange,* 47 *N. J. Super.* 472 (App. Div. 1957).

So structured, the statutory scheme avoids unfairness and inequity of treatment as between the benefiting landowners and the general taxpayers of the municipality, as well as among the benefiting landowners themselves. By clear implication any revised assessment is made solely with reference to the cost of the improvement as certified to the assessor immediately following its completion. *N. J. S. A.* 40 :56–24. Hence, interest on monies borrowed by the municipality to fund the improvement which accrues during the period between the confirmation of the original assessment and the determination and payment of the revised assessment, is not added to the cost of the improvement and may not be considered in the revision of the assessment. *N. J. S. A.* 40 :56–24. To the extent that the benefiting landowner does not pay interest on the amount of the assessment remaining unpaid during this period, that interest would have to be paid out of the general funds of the municipality. The additional inequity as between those benefiting landowners who pay the original assessment and any interest thereon pending appeal and those benefiting landowners who do not is self evident.

In the resolution of this issue we perceive no real distinction as between an assessment that is revised by way of correction of the original assessment by the court under *N. J. S. A.* 40 :56–54, or an assessment that is revised by

way of reassessment by the assessor following the setting aide of the original assessment under *N. J. S. A.* 40:56–34. Any differences go merely to form; they do not reach essential considerations affecting the date payment of the assessment is required to be made or the obligation to pay interest if payment of the assessment is not made when due. Compare *Jackson v. Kirkpatrick,* 117 *N. J. L.* 127 (Sup. Ct. 1936) ; *Newark Homebuilders Co. v. Bernards Tp.,* 90 *N. J. L.* 361 (Sup. Ct. 1917) ; *State ex rel. Miller v. Love,* 37 *N. J. L.* 261 (Sup. Ct. 1874).

Accordingly, the judgment of the Chancery Division is reversed, and the cause is remanded with directions to enter judgment in favor of defendant against plaintiffs, dismissing the complaint.